UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

v.

NO. 15-32-JWD-SCR

GREGORY JOHN LANDRY

**RULING AND ORDER**

This matter comes before the Court on the Defendant Gregory John Landry's Motion to Continue Rearraignment (R. Doc. 149). The Government opposes the motion (R. Doc. 154). For the following reasons, Defendant's motion is denied.

**I.  Background**

On June 11, 2015, the grand jury returned a superseding indictment charging numerous defendants, including Defendant Gregory Landry, with various drug-related offenses. Specifically, Defendant Gregory Landry was charged in Count One for conspiracy to distribute and possess with intent to distribute substances containing cocaine and methamphetamine, Schedule II controlled substances, and heroin and marihuana, Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

Defendant has entered into a plea agreement with the United States. (*See* R. Doc. 105). He has agreed to plead guilty to the charged crime. (*Id.*). His rearraignment is currently scheduled for September 9, 2015. (*See* R. Doc. 152). The Defendant acknowledges that, under 18 U.S.C. § 3143(a)(2), the Court must remand the Defendant into custody after accepting his guilty plea.

Nevertheless, the Defendant asks that the Court allow the Defendant to remain released on his own recognizance. The Defendant urges a number of ways to accomplish this. First, the

Defendant suggests continuing his rearraignment to coincide with the sentencing of his codefendants; Defendant argues that this will allow the Government and the probation office time to gather "full and complete information for sentencing." The Defendant also recommends that the presentence report be prepared prior to the entry of a guilty plea so that the Court could consider the merits of a variance or departure on the same day as the hearing.

Finally, the Defendant proposes that the Court conduct a hearing to determine whether there are, under 18 U.S.C. § 3145(c), "exceptional reasons" justifying a release pending sentencing. Defendant sets forth a number of reasons why there are "exceptional reasons," which include:

(1) that he and co-defendant Ms. Lori Landry have a twelve year old daughter who has mostly been raised by her maternal grandparents;

(2) that the Defendant has "maintained contact, conducted visitation, and often paid child support, but he was discharged from his job shortly after being released on this charge, and has been unable to find work in the meanwhile;"

(3) that the Defendant has a "new wife, and an infant child, both of whom he is desperate to support;" and

(4) that, when sentencing is imposed, there are "good grounds for a variance" due to "his lengthy period of living a law-abiding lifestyle, his evident employability when not on pretrial release, his need to support his wife and infant daughter, assisting in the care of his aging parents, and providing a father figure for his daughter while his ex-wife is incarcerated."

Based on these "and such other reasons as may be explained at a status conference or hearing," the Defendant seeks a continuance of the rearraignment.

The Government opposes the motion. The Government argues that delaying the rearraignment merely to sidestep the statutory requirement of "exceptional reasons" is not a valid and sound basis to grant a motion to delay the rearraignment. Moreover, if the Defendant's motion were granted, he could, at any time and at his whim, decide to withdraw from the plea agreement and proceed to trial.

**II.    Discussion**

### A. Section 3145(c) provides the appropriate standard

The first issue is deciding what standard should govern whether the Defendant can remain released on the conditions set by the Magistrate Judge. The Court finds that Section 3145(c) provides that standard.

As stated above, the Defendant acknowledges that, under 18 U.S.C. § 3143(a)(2), the Court must remand the Defendant into custody after accepting his guilty plea. This triggers 18 U.S.C. § 3145(c). Under Section 3145(c), a defendant can be released if he shows that " 'there are exceptional reasons why [his] detention would not be appropriate,' and that there is clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any person or the community if released pending sentencing." *United States v. Posada*, --- F. Supp. 3d ---, 2015 WL 3540693 (W.D. Tex. 2015) (citing 18 U.S.C. §§ 3143(a)(1), 3145(c)).

The Court agrees with the Government on this issue. The other mechanisms suggested by the Defendant – continuing the rearraignment or preparing the presentence report early – are merely attempts to circumvent the clear statutory requirements of Section 3145(c). The Defendant has cited to no authority indicating that any of his proposed procedures would be allowed given the clear language of Section 3145(c), and the Court is not inclined to venture into

3

such uncharted waters. Accordingly, the Court will apply Section 3145(c) and focus on the "exceptional reasons" prong of the analysis.

### B. The standard for determining if there are "exceptional reasons"

#### 1. Fifth Circuit case law

"The Fifth Circuit has not provided guidance on what constitutes 'exceptional reasons' under § 3145(c)." *Posada*, 2015 WL 3540693, at *2. Accordingly, the Court is guided by two district court opinions in this circuit: *United States v. Dempsey*, Crim No. 91-098, 1991 WL 255382 (E.D. La. Nov. 19, 1991) and *United States v. Posada*, --- F. Supp. 3d ---, 2015 WL 3540693 (W.D. Tex. 2015).

First, in *United States v. Dempsey*, the district court denied a motion to review a detention order. 1991 WL 255382, at *2. The court explained, "The term 'exceptional reasons' is not defined within the statute." *Id.* at *1. Under the dictionary, "[t]he ordinary meaning of 'exceptional' is 'being out of the ordinary,' 'uncommon,' or 'rare.' " *Id.* (quoting *United States v. DiSomma*, 769 F.Supp. 575, 576 (S.D.N.Y.), *aff'd* 951 F.2d 494 (2d Cir. 1991)). The *Dempsey* court then explained:

> Given the absence of any explanation in the 1990 Act [Crime Control Act of 1990, P.L. No. 101–647, § 902, 104 Stat. 4826, 4827 (1990) which creates the exception] or its legislative history as to the scope of this provision, it is apparent that a district court has wide discretion in determining what sort of reasons might be sufficiently 'exceptional' so as to render detention inappropriate.

*Id.* (quoting *United States of America v. McCabe*, 940 F.2d 646, 1991 U.S.App. LEXIS 20448, at *6 (1st Cir. 1991)).

In *Dempsey*, the defendant argued that there were exceptional circumstances justifying his release because (1) he was in "poor health" because of "kidney and stomach problems;" (2) he had a "history of mental and emotional problems," spent three months at a facility for

4

evaluation, and was "currently receiving counseling from a psychologist;" and (3) he was unaware of the possibility of being detained after the jury verdict; as a result, "his place of business, along with his equipment and materials were left unattended and unsecured for a long absence by him," and he was "unable to properly say good-bye to his children and prepare them for the separation." 1991 WL 255382, at *2. Nevertheless, the *Dempsey* court rejected the defendant's arguments and found no exceptional reasons. *Id.*

The Court finds *Dempsey* persuasive. *Dempsey* instructs that the meaning of "extraordinary" is "uncommon" or "rare," and the reasons described by the Defendant in this case simply do not qualify as such. Moreover, the Defendant relies on economic reasons to justify his release, but *Dempsey* found this insufficient. Accordingly, the Court will exercise its discretion to deny the Defendant's motion.

The Court is also justified by *United States v. Posada*, --- F. Supp. 3d ---, 2015 WL 3540693 (W.D. Tex. 2015), which denied a motion for relief from mandatory detention. In *Posada*, the defendant set forth the following reasons for his release: "1) to secure basic housing for his mother as well as manage her financial affairs; 2) to provide financial, physical, and spiritual help to his mother; and 3) to arrange his own personal affairs." *Id.* at *2.

In denying the motion, the *Posada* court cited with approval *United States v. Lea*, 360 F.3d 401 (2d Cir. 2004), where the Court interpreted "exceptional" as meaning "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Id.* at *4 (quoting *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004)). *Lea* quoted from another Second Circuit case which said that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release.' " *Id.* (quoting *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004)).

5

The *Posada* court found that each of the defendant's reasons "involve[d] a purely personal matter that individually, and in combination, is no more out of the ordinary and no more unique than those of other persons subject to detention." *Id.* at *5. The *Posada* court noted, "It is a natural, if unfortunate, byproduct of the criminal justice system that one's personal affairs will be disrupted and that others beyond the defendant, most likely family, will feel the effects of his incarceration." *Id.*

The Court finds *Posada* persuasive as well. Defendant maintains that he needs to care for his family members, but *Posada* specifically rejected this argument in an equally compelling situation. In short, the reasons advanced by the Defendant are "purely personal matter[s]" that, by themselves or combined, are "no more unique than those of other persons subject to detention." It is unfortunate that the Defendant's children will suffer as a result of the Defendant's incarceration, but this is a "natural . . . byproduct of the criminal justice system." It is not an "exceptional reason." For these reasons as well, the Defendant's motion is denied.

## 2. Out-of-circuit case law

The Court also notes that it is guided by two district courts from outside the Fifth Circuit. Both cases demonstrate why the Defendant's motion should be denied.

In *United States v. Green*, 250 F.Supp.2d 1145 (E.D. Mo. 2003), the Defendant relied on: (1) his obligation to his nine children, (2) his success in drug treatment, and (3) his attempt to negotiate with his union for continued employment after incarceration. *Id.* at 1150. The Court rejected all of these reasons and denied his request to review the detention order. *Id.* at 1151.

In *United States v. Huggins*, No. CR. 15-50025, 2015 WL 4602963 (D.S.D. July 30, 2015), the Defendant, argued, among other things, that (1) "her adjustment to pretrial release was exceptional" because "she successfully completed treatment, was attending after-care for her

meth addiction, was employed fulltime at the Humane Society in Rapid City, . . . was in the process of regaining custody of her daughter, she was paying child support, [and] her turnaround was exceptional;" and (2) her case was exceptional, uncommon, and out of the ordinary" because "her plea agreement provides she is a minimal participant involved with a very low drug quantity, has a low base offense level, and may move for a downward departure/variance below her guideline level which allows her to make a request for probation." *Id.* at *1. Nevertheless, the *Huggins* court found no exceptional circumstances. *Id.* at *4.

These cases also demonstrate why the Defendant's motion should be denied. As in *Posada*, *Green* expressly found that the need to make a living and provide for one's family did not constitute exceptional reasons. Moreover, Defendant suggests that he may be entitled to a variance, but *Huggins* shows that this is not an "exceptional reason," even when combined with an outstanding performance while on pretrial release. Thus, under *Green* and *Huggins*, Defendant's motion should be denied.

### III. Conclusion

The Court finds that 18 U.S.C. § 3145(c) is the appropriate standard for determining whether the Defendant can remain released pending sentencing and that, under Section 3145(c), Defendant's stated reasons are not exceptional. Accordingly,

**IT IS ORDERED** that the Defendant Gregory John Landry's Motion to Continue Rearraignment (R. Doc. 149) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 4, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**